Dear Representative Smith:
You have requested an opinion from this office concerning the legality under LSA-R.S. 15:708 to utilize prisoners incarcerated in parish correctional facilities to perform manual labor on church property and cemeteries.
LSA-R.S. 15:708 provides in pertinent part:
 § 708. Labor by prisoners permitted; workday release program. Whenever a prisoner sentenced to a parish prison of any parish of the state by any court of competent jurisdiction, or a prisoner in a parish prison awaiting transfer to a state correctional facility shall be willing of his own free will to perform manual labor upon any of the public roads, levees, streets, or public buildings, works, or improvements inside or outside of the prison or whenever a prisoner sentenced to the parish prison of any parish of this state, by any court of competent jurisdiction, or a prison in a parish prison awaiting transfer to a state correctional facility shall be willing of his own free will to perform manual labor upon any cemetery or graveyard, the criminal sheriff may set the prisoner to work upon labor determined by the governing authorities of the parishes and the municipal authorities of the towns and cities. The prisoners shall always remain under the custody and control of the sheriff.
As is clearly indicated by the Statute, volunteer inmate labor can be used upon public property, and in cemeteries and graveyards whether public or private. Our telephone conversation confirmed that the church is on private property. Therefore, by the terms of the statute, usage of inmate labor on the church property in question is prohibited.
Lastly, there is a possibility of increased exposure to liability by the parish and/or sheriff where the inmate labor is performed. The parish would not suffer the same legal duty as custodian, nonetheless, it would be solidarily obligated as members of a joint venture with the sheriff. The sheriff is potentially liable as the custodian and work supervisor of work release inmates. This imposes a duty of reasonable care in equipping, training and supervising of these inmates for their intended work tasks and activities. The sheriff may be liable for the harm caused third parties by the inmate workers if the proximate cause of that harm is the sheriff's failure to use due and reasonable care in equipping, training and supervising. The same liability exists for harm caused any citizen by an escaping inmate.
Trusting this opinion sufficiently answers your inquiry, I remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW;dsc